ZACHARIAH CHIPMAN *vs.* SETH M. TODD.

*Surety. Attachment—abandonment of.*

The abandonment of an attachment of property in a suit against one surety on a note, constitutes no bar to the maintenance of a subsequent suit against the co-surety.

ON REPORT.

ASSUMPSIT on a promissory note of the following tenor:

'$1,000.                                    CALAIS, October 18, 1869.

Sixty days after date I promise to pay, to the order of Z. Chipman, one thousand dollars at St. Stephen's Bank, N. B., in U. S. currency, value received.                            J. M. HALL.'

On the back of the note were the names, Rufus Ham and Seth M. Todd.

Writ dated Sept. 29, 1870.

The plaintiff read the note and rested his case.

It appeared on the part of the defense, that the plaintiff had no interest in the note at the time of the commencement of the suit, having previously sold it to Sawyer & Kelley.

The defendant procured the note of the plaintiff before he sold it, placed it in the hands of an attorney, who commenced a suit upon it, in the name of the payee, against Ham, and personal property attached to secure it. Subsequently, and before the commencement of this action, the former action was discontinued without any instruction from the present defendant.

Those who signed their names upon the back of the note did so at the request and for the accommodation of Hall.

The action was withdrawn from the jury and reported to full court, who were to render the legal judgment thereon.

*J. & G. F. Granger*, for the plaintiff.

*A. McNichol*, for the defendant.

WALTON, J. The note in suit was signed by J. M. Hall as principal, and the defendant and one Rufus Ham as sureties. Hall wrote his name on the face of the note, and the sureties wrote theirs on the back. This undoubtedly made them original, joint and several promisors; but the evidence shows that Hall was the real debtor, and Ham and Todd only sureties.

The defense to the present suit (which is against Todd alone), is that a suit was first commenced against the other surety (Ham),

Chipman *v.* Todd.

and property attached sufficient to secure the demand; and that this suit was afterwards discontinued, and the present suit commenced. It is claimed that the abandonment of the former suit, and consequent loss of the attachment, were equivalent to an agreement for delay and a release of security, and that this, by operation of law, discharged the present defendant.

We think not. Such might have been the effect if the former suit had been against the principal on the note; for, notwithstanding it was held, in *Page* v. *Webster*, 15 Maine, 249, that where the debtor's property is attached on a writ, the creditor may nevertheless abandon his suit and the attachment without discharging the surety, it was held in the subsequent case of *Springer* v. *Toothaker*, 43 Maine, 381, that where property of the principal debtor is seized on execution, an abandonment of the lien thereby created will discharge a surety.

We think it will be difficult to explain why the abandonment of a lien created by a seizure on execution should discharge a surety, and the abandonment of a lien created by an attachment on a writ should not.

But whatever the rule may be, we are not aware of any authority in which it has been held that the release of an attachment of the property of a surety will release a co-surety. We think such is not the law. Between sureties there are no superior equities. The creditor may enforce his claim against either as he chooses; and an abandonment of an attachment of property in a suit against one, will be no bar to the maintenance of a suit against the other.

The evidence fails to show any agreement for delay; and the right of the equitable owner of the note to maintain a suit in the name of the payee (the note having been sold, but not indorsed) is unquestionable.          *Judgment for plaintiff for amount of the note and interest.*

APPLETON, C. J.; CUTTING, KENT, and BARROWS, JJ., concurred.